| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 13 Case No. 13-51580** |
| | ) | |
| Jeffrey W. Herston | ) | **Judge Marilyn Shea-Stonum** |
| Carol A. Herston | ) | |
| Debtor(s). | ) | **Original Chapter 13 Plan** |
| | ) ☒ | **First Amended Chapter 13 Plan\*\*** |
| | ) ☒ | **See Paragraph Twelve for Special Provisions** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

   The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan.  Creditors must exercise their own judgment in deciding whether to accept or oppose the plan.  Creditors should read this plan carefully and discuss it with their attorney.  Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  **Creditors must file a proof of claim with the Court in order to receive distributions under this plan.  Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed.  Secured claims must have proof of security attached.  Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**
_____

\*\*     Reason Plan is Being Amended

**1.   PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

 A.   To the Chapter 13 Trustee (hereinafter "Trustee"): $460.00  per month for 60 months payable in

     X monthly  ☐ semi-monthly  ☐ bi-weekly  ☐ weekly    installments of $_____ each,

     _X_   The Debtor is employed and shall make payment by payroll deduction.

     ____   The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

     ____ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

   The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan.  Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice.  A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

**2.    ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors.  Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**3.    ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims.  If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution.  Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to  finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4.    CLAIMS SECURED BY REAL PROPERTY**

**A.    Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments.  Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.  Note:  The interest rate requested by the creditor should be stated on the front of the proof of claim.  Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| U.S. Bank, Trustee | 3590 Dean Dr. | $15,982.00 | Contract | Pro-Rata |

**\*The mortgage of U.S. Bank, Trustee shall be paid directly by the Debtors for all post-petition payments.**

**\* The judgment lien of Capital One shall be avoided and stripped.**
**\* The judgment lien of Midland Funding shall be avoided and stripped.**
**\* The judgment lien of PNC Bank shall be avoided and stripped.**

**\* The judgment lien of Discover shall be avoided and stripped.**
**\* The judgment lien of Chase shall be avoided and stripped.**
**\* The judgment lien of Comenity Bank shall be avoided and stripped.**

    **B.   Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Ohio Job & Family Services | 3590 Dean Dr. | $639.70 | 0% | Pro-rata |

**5.   CLAIMS SECURED BY PERSONAL PROPERTY**

    **A.   Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

*Contract rate not to exceed 5%.

**6.   FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| | | |

**7.   DOMESTIC SUPPORT OBLIGATIONS**

Debtor  does  X does not   have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder | Address of Child Enforcement Support Agency |
|---|---|---|
| | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

**8. OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| IRS | Undetermined |
| State of Ohio | Undetermined |

**9. GENERAL UNSECURED CLAIMS**

**"Pot" plan**: Creditors holding unsecured claims shall be paid all of such funds that are available after payment of administrative, secured and priority claims on a pro rata basis. No interest accruing after the filing of the petition shall be allowed.

**10. PROPERTY TO BE SURRENDERED**

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|

**11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

| Creditor | Property Description |
|---|---|

**12. SPECIAL PROVISIONS**

Creditors who have co-signers, co-makers or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. Section 1301, shall file their claims and payment of the amount specified herein (including valuation) or in the Proof of Claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor. No interest accruing after the filing of the petition shall be allowed. No collection activities of any kind shall be taken against any Co-Obligor pursuant to 11 U.S.C. Section 1301.*

Debtor will liquidate the property located at 1112 S. Arlington St., Akron, OH 44306 through a Section 363 Sale. Proceeds from the sale of the property shall pay the outstanding property taxes to Kristen M. Scalise, Fiscal Officer, and remaining funds shall be paid toward secured income tax liabilities for the Internal Revenue Services, State of Ohio or local authorities.

13-51580-amk    Doc 21    FILED 09/30/13    ENTERED 09/30/13 16:48:19    Page 4 of 7

Debtors acknowledge that feasibility of plan is contingent on sale of property. Should the property not be sold by the 60th month (from the filing date of the petition), the Debtors authorize the Trustee to file an order of dismissal in case. Further the Debtors acknowledge should the property sale not result in sufficient funds to resolve feasibility and equity issues, the Trustee is authorized to increase the monthly plan payment.


/s/ Jeffrey W. Herston                                    /s/ Carol A. Herston

JEFFREY W. HERSTON, Debtor               CAROL A. HERSTON, Co-Debtor

**Submitted by:**

/s/ David A. Mucklow

DAVID A. MUCKLOW (#0072875)

919 E. Turkeyfoot Lake Rd., Ste B

Akron, OH 44312

Telephone: (330) 896-1890

Fax: (330) 896-8201

Attorney for Debtors

davidamucklow@yahoo.com


## <u>CERTIFICATE OF SERVICE</u>


I certify that on or about 30th day of September, 2013 that a true and correct copy of the Amended Plan was sent electronically via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

Keith Rucinski, Chapter 13 Trustee, electronically

I certify on or about 30th day of September, 2013 that a true and correct copy of the Amended Plan was sent via U.S. regular mail to the persons listed below.

Jeffrey Herston
Carol Herston
3590 Dean Dr.
Barberton, OH 44203


See Creditor Matrix attached.


/s/ David A. Mucklow

# DAVID A. MUCKLOW, (#0072875)

Alliance Data
P.O. Box 182789
Columbus, OH 43218

Asset Acceptance Llc
Po Box 318037
ATTORNEY KIMBERLY KLEMENOK
ATTORNEY ERIC KOHUT
Independence, OH 44131

Bank of America
P.O. Box 982235
El Paso, TX 79998-2235

BSI Financial Services
314 S. Franklin St.
PO Box 517
Titusville, PA 16354

Capital One
P.O. Box 71083
Charlotte, NC  28272-1083

Capital One Bank
c/o Cheek Law Office
Attorney Matthew Coffman
471 East Broad Street 12th Floor
Columbus, OH 43215

Chase Bank USA
P.O. Box 15298
Wilmington, DE 19850

Community Bank/SAMLEV
P.O. Box 788
Kirkland, WA 98083

Discover Bank
DB Servicing Corp.
P.O. Box 3025
New Albany, OH 43054

Fifth Third
Fifth Third Center
Cincinnati, OH 45263

FIRST MERIT BANK
111 WEST RICH ST. STE 550
Columbus, OH 43215

Home Design
c/o P.O. Box 965036
Orlando, FL 32896-5036

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Nicholas E. O'Bryan
Laurito & Laurito, LLC
7550 Paragon
Perrysburg, OH 43552

Kristen M. Scalise, CPA
Fiscal Officer
175 S. Main Street, Suite 320
Akron, OH 44308-1353

Macy's Bankruptcy Processing
P.O. Box 8053
Mason, OH 45040

Midland Funding
P.O. Box 268941
Oklahoma City, OK  73126-8941

Ohio Bureau of Worker's Comp
Attn: Law Section Bankruptcy
PO Box 15567
Columbus, OH 43215

Ohio Dept of Job & Family Services
Attn: Collections Dept.
PO Box 182404
Columbus, OH 43218

Ohio Dept of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, OH 43216

OHIO VALLEY ENERGY SYSTEMS CORP
C/O CHARLES W MASTERS
S/A 200 VICTORIA RD BLDG 4
Youngstown, OH 44515

PNC Bank
P.O. Box 94982
Cleveland, OH  44101

```
QVC                                 TNB-Visa
P.O. Box 965005                     P.O. Box 673
Orlando, FL 32896                   Minneapolis, MN 55440-0673


Richard P. Schroeter, Jr.
Thomas R. Houlihan                  US Bank National Assoc., as Legal
Amer Cunningham Co., LPA            Trustee for LVS Title Trust l
159 S. Main St., Ste. 1100          4801 Frederica St.
Akron, OH 44308                     Owensboro, KY 42301


Target National Bank                Weltman & Weinberg
P.O. Box 673                        323 W. Lakeside Avenue STE 200
Minneapolis, MN 55440               Attorney Douglas Hattaway
                                    Cleveland, OH 44113
```